**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ALLEN J. FARMER, | : | |
| | : | Civil Action |
| Plaintiff, | : | 06-3084 (JBS) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| GEORGE W. HAYMAN et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> ALLEN J. FARMER, Plaintiff pro se
> #493238/333087
> South Woods State Prison
> Bridgeton, New Jersey 08302

**JEROME B. SIMANDLE, District Judge**

Plaintiff ALLEN J. FARMER (hereinafter "Plaintiff") currently confined at the South Woods State Prison, Bridgeton, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998) and his complaint (hereinafter "Complaint"). After carefully examining the Plaintiff's application, this Court grants Plaintiff in forma pauperis status, dismisses Plaintiff's claims asserting verbal

harassment and proceeds the remaining claims to the next stage.

## BACKGROUND

Plaintiff asserts that Plaintiff, a person who suffers of various mental illnesses, see Compl., Aff. at 1, was placed at "Talbot Hall Placement Center and Halfway House" (hereinafter "Talbot"). Id. Plaintiff further asserts that, upon his arrival to Talbot, Plaintiff was (1) denied mental help and necessary medications, (2) placed in a cell "with open and accessible . . . flourescent bulbs" which prompted Plaintiff to attempt suicide by breaking the bulb to obtain bulb glass and then inflicting injuries upon himself through self-cutting and eating glass, (3) subjected to beating, and (4) verbally harassed. Compl. at 5-9.

With regard to his verbal harassment claim, Plaintiff alleges that he was called "nut-job nigger," "fucken nigger," "snitch" and "home [who] deserves to die." Id. at 7, 9.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United

2

States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**DISCUSSION**

With regard to Plaintiff's verbal harassment claim, it appears that Plaintiff asserts a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment.

It is undisputed, however, that acts of verbal harassment cannot qualify as violations of the Eighth Amendment. See Stepney v. Gilliard, 2005 U.S. Dist. LEXIS 31889, at *19 (N.J.D. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms. 'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (quoting Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998), and citing Collins v. Graham, 377 F. Supp. 2d 241, 244 (D. Me. 2005)); see also Robinson v. Taylor, 2005 U.S. Dist. LEXIS 20951, at *8-9 (D. Del. Sept. 26, 2005) ("[M]ere verbal harassment does not give rise to a constitutional violation[; even if it is] inexcusable and offensive, [it] do[es] not establish liability under section 1983) (quoting McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) and citing Moore v. Morris, 116 Fed. App'x 203, 205 (10th Cir. 2004); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185,

187-89 (D.N.J. 1993)); Abuhouran v. Acker, 2005 U.S. Dist. LEXIS 12864, at *15 (E.D. Pa. June 29, 2005) ("It is well established . . . that . . . verbal harassment, . . . standing alone, do[es] not state a constitutional claim") (citing Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 1999); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995)).

Since the Plaintiff's allegations with regard to verbal harassment are not cognizable under § 1983, see Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (dismissing prisoner's claim that defendant laughed at prisoner and threatened to hang him), Plaintiff's claims based on verbal harassment allegations are dismissed for failure to state a claim upon which relief may be granted.

## Conclusion

For the reasons stated above, the Plaintiff's claims based on verbal harassment allegations are dismissed for failure to state a claim are dismissed.  Plaintiff's remaining claims will proceed to the next stage.  An appropriate order accompanies this Opinion.


　　　　　　　　　　　　　　　　　　　 s/ Jerome B. Simandle
　　　　　　　　　　　　　　　　　　　　  **JEROME B. SIMANDLE**
　　　　　　　　　　　　　　　　　　 **United States District Judge**


Dated:    **July 20, 2006**