**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____
                               :
ALLEN J. FARMER,               :
                               :    Civil Action
            Plaintiff,         :    06-3084 (JBS)
                               :
       v.                      :    O R D E R
                               :
GEORGE W. HAYMAN et al.,       :
                               :
            Defendants.        :
_____:
```

The Court considered the Plaintiff's application to proceed <u>in forma pauperis</u> and file the Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915; and the Court screened the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS ON THIS  20th  day of    July   , 2006, ORDERED** that the Plaintiff may proceed <u>in forma pauperis</u> without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee, and the agency having

custody of Plaintiff shall deduct said fee from Plaintiff's prison account and forward it to the Clerk; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from the Plaintiff's account and forward to the Clerk subsequent payments, with each payment referencing the docket number of this action; and it is further

**ORDERED** that the Plaintiff's claims based on verbal harassment are dismissed for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Plaintiff's remaining claims may proceed; and it is further

**ORDERED** that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify the plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is, however, expressly advised that such appointment is not automatic; and it is further

**ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

**ORDERED** that, if at any time the Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

                                           <u>s/ Jerome B. Simandle</u>
                                             **JEROME B. SIMANDLE**
                                     **United States District Judge**