<u>NOT FOR PUBLICATION</u>                [relates to Docket Item No. 31]

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALLEN J. FARMER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 06-3084 |
| v. | |
| GEORGE W. HAYMAN, et. al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Allen J. Farmer
#493238/333087
South Woods State Prison
Bridgeton, NJ 08302
    Plaintiff <u>pro se</u>

James W. Daly, Esquire
DEASEY, MAHONEY & BENDER, LTD.
80 Tanner Street
Haddonfield, NJ 08033
    Attorney for Defendants John J. Clancy and Keith Hooper

## I. **INTRODUCTION**

This matter comes before the Court on Defendants John J. Clancy and Keith Hooper's (collectively, the "Defendants") motion to dismiss Plaintiff Allen J. Farmer's ("Farmer" or "Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(1). [Docket Item No. 31.] Defendants argue for dismissal on the grounds that Plaintiff's request for injunctive relief is moot because Plaintiff will not personally benefit by obtaining the relief he

requests, and that the Court thus lacks jurisdiction to grant that relief. The Court agrees that it does not have jurisdiction to grant relief a plaintiff no longer has a personal stake in obtaining, and accordingly, for the following reasons, the Court grants Defendants' motion.

**II. BACKGROUND**

The present case derives from Farmer's July 19, 2005 through October 14, 2005 confinement at Talbot Hall, a halfway house where inmates are assessed to determine where they might be placed after their release from prison. (See Compl. at 5; Def.'s Br. at 1-2.) Farmer asserts that he suffers from various mental illnesses (see Compl., Ex. A at 1) and that while at Talbot Hall, he was 1) denied the proper care and medications for his mental illnesses, 2) placed in a cell "with open and accessible . . . florescent bulbs" which prompted him to attempt suicide by cutting his wrists with and eating broken glass, and 3) subjected to a beating.[1] (Compl. at 5-9.) Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, and appears to assert

---

[1] Plaintiff also asserts a claim of verbal harassment in his Complaint, but this claim was dismissed by this Court in a July 20, 2006 opinion and order (see Farmer v. Hayman, No. 06-3084, 2006 WL 2056777, at *2 (D.N.J. July 20, 2006)) because acts of verbal harassment cannot qualify as violations of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the Constitution of the United States. See, e.g., Stepney v. Gilliard, 2005 WL 3338370, at *6 (D.N.J. Dec. 8, 2005).

violations of the Cruel and Unusual Punishment Clause of the Eighth Amendment. (See Compl. at 4, 10.)

The instant motion relates to Plaintiff's claims against John J. Clancy, chief executive officer of Talbot Hall, and Keith Hooper, administrator of Talbot Hall.[2] (Compl. at 7-8.) Plaintiff claims that Defendant Clancy "through his negligence either knowingly or unknowingly" subjected him to "outrageous mental abuse" by depriving him of medications and staff adequately trained to deal with his mental illnesses, and that he placed Plaintiff in a position where Plaintiff could attempt suicide. (Id.) Plaintiff claims that Defendant Hooper failed to "implement proper procedures" and thereby, in effect, permitted the staff to abuse and assault Plaintiff. (Id. at 8.) Plaintiff further claims that once Hooper was made aware of abuse to Plaintiff, he still failed to do anything to prevent it. (Id. at 8-9.) For relief, Plaintiff requests 1) "the filing of this action *in forma pauperis*," 2) that "a trial . . . be had," and 3) that the Defendants be suspended from employment "until a full investigation has been completed."[3] (Id. at 10.)

---

[2] Plaintiff has also filed claims against George Hayman, Commissioner of the Department of Corrections, and Officer Wasik, an officer in the Department of Corrections, but neither of those defendants are parties to the present motion.

[3] Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915 by this Court on July 20, 2006. [Docket Item No. 3.]

### III. ANALYSIS

#### A. Standard of Review

A motion made under Rule 12(b)(1) argues that claims should be dismissed because the court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

On a motion to dismiss, the Court must read a pro se plaintiff's factual allegations liberally and must apply a less stringent pleading standard than if the plaintiff was represented by counsel. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, when a motion to dismiss is made pursuant to Rule 12(b)(1), the motion may properly raise a legal or factual issue as to the Court's jurisdiction over the complaint. See Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990); Mortensen v. First Fed. Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). No presumption of truthfulness attaches to the allegations of the complaint in so far as the allegations concern subject matter jurisdiction, and the "plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen, 549 F.2d at 891.

#### B. Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants Clancy and Hooper move to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(1) on the grounds that the Court lacks jurisdiction to grant the injunctive relief

sought by Plaintiff.  (Def.'s Br. at 7-9.)  The only substantive relief Farmer seeks is injunctive relief by way of Defendants' suspension from employment at Talbot Hall.  (Compl. at 10.)  He does not request any monetary relief in the Complaint.  Defendants argue that because Farmer is no longer an inmate at Talbot Hall, he will not personally benefit or be affected by Clancy or Hooper's suspension.  Defendants further argue that, because Plaintiff no longer has a "personal stake" in their suspension, he lacks standing to bring the suit, and that the Court thereby lacks jurisdiction to grant the injunctive relief requested.  Defendants thus argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[4]  (Id.)

The Court agrees with Defendants that it lacks jurisdiction to grant injunctive relief when a plaintiff lacks standing because he no longer personally benefits from obtaining that relief.  Article III limits federal courts to reviewing only actual cases or controversies.  For a case or controversy to exist, the plaintiff must continue to have a personal stake in the ongoing litigation.  See United States Parole Comm'n v.

---

[4] Rule 12(b)(1) is the appropriate vehicle to dismiss a claim for lack of standing, because standing is a jurisdictional matter. See, e.g., Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007); St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands, 218 F.3d 232, 240 (3d Cir. 2000).

5

Geraghty, 445 U.S. 388, 396-97 (1980) (holding that when the parties lack a legally cognizable interest in the outcome or the issues presented are no longer "live," the case must be dismissed as moot); Franks v. Bowman Transp. Co., 424 U.S. 747, 755 (1976) (holding that plaintiff must have a personal stake in outcome of litigation).

Specifically on point for the present case is the Third Circuit's ruling in Abdul-Akbar v. Watson, 4 F.3d 195 (1993). In Abdul-Akbar, the court vacated a district court's grant of the requested injunctive relief when the plaintiff was no longer subject to the conditions he sought relief from. Id. at 206-07. The plaintiff in Abdul-Akbar sought to increase prison library resources, but only filed his claim after he had been released from that prison. The court in Abdul-Akbar held it to be axiomatic that federal courts cannot decide an issue unless it presents a live case or controversy. Id. Accordingly, the court held that the plaintiff in Abdul-Akbar did not have standing to obtain relief in the form of increased prison library resources when he was no longer incarcerated at that prison, because his case was no longer a "live" one.

Similarly on point for the present case is the Third Circuit's holding in Weaver v. Wilcox, 650 F.2d 22 (3d Cir. 1981). The appellant in Weaver alleged that he suffered

6

constitutional violations while held at the Tioga County Prison, and sought a preliminary injunction rather than monetary damages to remedy those violations once released.  Id. at 24.  The Third Circuit found that the appellant in Weaver also lacked standing to bring his claims because he filed suit for injunctive relief only after he left the Tioga County Prison and thereby no longer had a "personal stake" in obtaining the relief requested.  Id. at 27.  Simply put, the court held that "a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."  Id.; see also, Wilson v. Prasse, 325 F. Supp. 9, 12 (W.D. Pa 1971) (holding that plaintiff's request for injunctive relief be dismissed as moot after plaintiff had been released on parole).

  Farmer's situation is very similar to the plaintiff-appellants in Abdul-Akbar and Weaver.  Farmer seeks only injunctive relief in the form of suspension of certain guards at Talbot Hall, but he was transferred from Talbot Hall on October 14, 2005, over eight months before he filed his Complaint (on July 6, 2006).  (Compl., Ex. A at 12.)  He has not returned there since, (id. at 15), and is currently confined at South Woods State Prison in Bridgeton, New Jersey (id. at 5).  Because Farmer has not been held at Talbot Hall since 2005, he no longer had an interest in having Defendants suspended from employment when he

7

filed this Complaint in 2006, and will not personally benefit or be affected by their suspension.  Just as the plaintiff in Abdul-Akbar and appellant in Weaver's claims for injunctive relief had to be dismissed for lack of standing because the claims challenged prison conditions both plaintiffs were no longer subject to at the time of filing, Farmer's request for injunctive relief from conditions he is no longer subject to must be dismissed.  Plaintiff's request for injunctive relief in the form of Defendants' suspension from employment at Talbot Hall no longer presents a live case or controversy,[5] and his Complaint

---

[5] In a letter-brief in opposition filed on April 13, 2007, [Docket Item No. 35], Plaintiff requests monetary relief by way of $50,000 in damages for each Count in his Complaint.  Not only was Plaintiff's opposition untimely, see Local Rule 7.1(d), but Plaintiff also failed to make a formal motion to amend his Complaint to reflect the newly-requested relief.  Instead, Plaintiff merely indicated in the third-to-last paragraph of his letter-brief that he would like to "present a claim for monetary damages in the amount of $50,000 . . . in regard to each individual count."  (Pl.'s Opp. at 3.)  The Court will not view Plaintiff's seemingly off-hand request as a motion for leave to amend his Complaint.  Plaintiff's request comes two months after Defendants' motion to dismiss – more than enough time for Plaintiff to have made a formal motion to the Court for leave to amend the Complaint.  See Fed. R. Civ. P. 15(a) (allowing amendment of Complaint without leave of court only once before responsive pleading is filed, or with consent of adverse party).

Additionally, even if the Court viewed Plaintiff's request as a formal motion to amend, the motion would fail under Local Civil Rule 7.1(f), which requires that a copy of the proposed amended complaint be attached to the motion to amend the complaint.  L. Civ. R. 7.1(f).  District courts are under no obligation to allow a plaintiff to amend his complaint in the absence of a proper motion accompanied by a proposed amended

will accordingly be dismissed pursuant to Rule 12(b)(1).[6]

## V. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss Farmer's claims against them.  An appropriate Order shall be entered.


**July 13, 2007**                                     **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                      U.S. District Judge

---

complaint.  See e.g., Ranke v. Synofi-Synthelabo Inc., 436 F.3d 197, 205-06 (3d Cir. 2006) (holding that it wasn't an abuse of discretion for district court to not grant leave to amend complaint when plaintiff didn't properly request it); Folkman v. Roster Fin. LLC, 2005 WL 2000169, at *8 (D.N.J. Aug. 16, 2005) (holding motion to amend procedurally infirm when lacking copy of proposed amended complaint).  Courts have even refused to allow pro se plaintiffs to amend complaints in the absence of a proper motion.  See Lepre v. Tolerico, 156 Fed. Appx. 522, 525 (3d Cir. 2005); Malik v. Hannah, 2007 WL 708981 at *3 (D.N.J. Mar. 2, 2007).

Accordingly, the Court will not treat Plaintiff's letter request for monetary relief, made in his opposition letter-brief, as a motion to amend the Complaint.  Because the Court will dismiss the Complaint without prejudice, Plaintiff can thereby file a new Complaint for monetary relief, though if he wishes to do so, he should do so expeditiously, considering the two-year statute of limitations on claims made under 42 U.S.C. § 1983.

[6] Defendant Clancy additionally argues in the alternative that Plaintiff has not pleaded facts sufficient to establish that Clancy may have violated Plaintiff's Eighth Amendment rights, and that Plaintiff's claim against him should thereby be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  (Def.'s Br. at 9-11.) Because the Court will dismiss the Complaint pursuant to Rule 12(b)(1), the Court need not address whether Plaintiff's claim survives a motion under Rule 12(b)(6).